IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, | )<br>)<br>) |
| IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, | )<br>)<br>)<br>) |
| | ) CIVIL ACTION |
| | ) NO. 18 C 7019 |
| JOSEPH J. BURKE,<br>as Administrative Manager, | )<br>) JUDGE |
| Plaintiffs, | )<br>)<br>) |
| vs. | )<br>) |
| FE CLADDING, INC.,<br>a dissolved Illinois corporation, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

The Plaintiffs, IRON WORKERS' MID-AMERICA PENSION PLAN, IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND and JOSEPH J. BURKE, as Administrative Manager, by their attorneys, complaining of the Defendant, FE CLADDING, INC., a dissolved Illinois corporation, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs, the IRON WORKERS' MID-AMERICA PENSION PLAN and IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, are

pension and related joint, labor-management funds and bring this action as "employee pension benefit funds", and "plans", under ERISA and Plaintiff, JOSEPH J. BURKE, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District and Division.

3. Defendant, FE CLADDING, INC., was incorporated under the laws of the State of Illinois on July 8, 2015 and was involuntarily dissolved by the Illinois Secretary of State on or about December 8, 2017.

4. Defendant is obligated to make fringe benefit contributions to the Funds under the terms of the Agreements and Declarations of Trust establishing and outlining the administration of these Funds, and pursuant to the terms of one or more collective bargaining agreements entered into by Defendant.

5. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked or for which wages were received in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To have a duly authorized agent verify said reports by signature and to accompany the reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the

payment of liquidated damages in the amount of 1 ½% per month on the whole amount of contributions remaining from time to time unpaid, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

6. Defendant is delinquent and has breached its obligations to Plaintiff Funds and its obligations under the Plans in that it has failed and refused to provide Plaintiffs' auditors with all required payroll records in order to perform a full and complete audit for the purpose of verifying the accuracy of its past reports and to determine what additional contributions, if any, may be due the Plaintiff Funds.

7. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is an unknown amount due Plaintiffs from Defendant, subject however to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages may come due during the pendency of this lawsuit.

8. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

9. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A) That a full and complete account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B) That Defendant be enjoined and ordered to verify and submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such verified reports while this is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C) That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(D) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/   Patrick N. Ryan

Catherine M. Chapman
Patrick N. Ryan
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone:  (312) 216-2573
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com
I:\MIDJ\FE Cladding\complaint.pnr.df.wpd